**Clifton Robert DILLEHEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–89–00471–CR.**

Court of Appeals of Texas, Dallas.

March 23, 1990.

Discretionary Review Granted June 27, 1990.

Tim K. Banner, Hal E. Turley, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and ONION [1], JJ.

OPINION

ENOCH, Chief Justice.

Clifton Robert Dillehey, appellant, pled guilty to possession of cocaine. Final adjudication of guilt was deferred and appellant was placed on "probation" for three years and fined five hundred dollars. In two points of error appellant contends that the trial court erred in denying his motion to suppress evidence because the evidence seized was the fruit of an unlawful arrest. The State argues that this Court does not have jurisdiction over this appeal because appellant may not appeal from a trial court order deferring adjudication of guilt. We agree that, at this time, we are without jurisdiction in this case. We dismiss this appeal.

---

[1]. The Honorable John F. Onion, Jr., Presiding Judge, Court of Criminal Appeals, sitting by assignment.

## Procedural History

Appellant was indicted for the offense of possession of cocaine. Appellant filed a motion to suppress evidence alleging that the arrest was improper and that, therefore, the evidence seized during the custodial search was inadmissible. The court overruled appellant's motion to suppress and the appellant then waived his right to a trial by jury and entered a plea of guilty. Appellant was found "guilty" of the charged offense, but a final adjudication of guilt was deferred pursuant to article 42.-12, section 3d(a) of the Texas Rules of Criminal Procedure. TEX.CODE CRIM.PROC. ANN. art. 42.12, § 3d(a) (Vernon 1977).[2] No motion requesting final adjudication was ever filed by the appellant. Notice of appeal was given in open court and by written notice of appeal.

## Jurisdiction

The State asserts that this Court should dismiss appellant's attempted appeal from the order deferring adjudication of guilt because the accused has no right to appeal from such an order. *See Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex.Crim. App.1986); *McDougal v. State*, 610 S.W.2d 509, 509 (Tex.Crim.App.1981). If a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication as provided in article 42.12, section 3d(a). *McDougal*, 610 S.W.2d at 509.

Although not raised by either the State or appellant, arguably, we have jurisdiction to hear this appeal by virtue of article 44.01(j) of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 44.-01(j) (Vernon Supp.1990). To be sure, article 44.01 lists the situations in which the State may appeal. However, article 44.-01(j) reads as follows:

(j) Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the *punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code*, as well as any other punishment assessed in compliance with Article 44.02 of this code.

TEX.CODE CRIM.PROC.ANN. art. 44.01(j) (Vernon Supp.1990) (emphasis added). The second sentence of article 44.01(j) seems to suggest that the defendant can appeal from an article 42.12, section 3d(a) deferral of adjudication because this right is now a part of the defendant's general right of appeal under article 44.02. An analysis of articles 44.01(j), 44.02, and 42.12 leads us to conclude the contrary.

Article 42.12 is a specific provision dealing with adult probation and the kinds of determinations from which a defendant can appeal when a court enters an order deferring adjudication. Article 44.01(j), on the other hand, is a general provision which, in referring to article 44.02 and stating that the defendant has the right to appeal where the punishment assessed is in accordance with former section 3d(a) of article 42.12, clearly was written to emphasize that the State's right to appeal does not affect the appellate rights of the defendant. We interpret this to mean that only once there has been a final adjudication of guilt can the defendant appeal because only then has there been an assessment of "punishment". *See Ex parte Hernandez*, 705 SW2d at 703. Article 44.01(j) simply means that where the defendant otherwise has the right to appeal, article 44.01 does not interfere. We conclude that there has been no substantive change concerning the defendant's right to appeal.

Since appellant has failed to move for a final adjudication of guilt, this Court is without jurisdiction. *McDougal*, 610

---

**2.** Article 42.12 of the Texas Code of Criminal Procedure was recodified in 1989. Former section 3d(a) was moved to section 5(a). *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1990). New section 5(a) adds certain additional requirements concerning probation in felony cases as opposed to misdemeanor cases. All references in this opinion to section 3d(a), the provision in effect at the time appellant gave notice of appeal, shall be read as including section 5(a).

S.W.2d at 509. Since this Court is without jurisdiction, we dismiss the appeal.