**Vence BROWN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–90–00332–CR.**

Court of Appeals of Texas, Dallas.

March 27, 1992.

---

172

Hal E. Turley, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before BAKER, KINKEADE and STEPHENS [1], JJ.

## OPINION ON REMAND

BAKER, Justice.

The State charged appellant with unlawful possession of cocaine. Appellant agreed to a plea bargain and pleaded guilty. According to the plea bargain, the trial court deferred adjudication of guilt and sentenced appellant to three years' probation and imposed a $500 fine. Appellant complains of the trial court's denial of her motion to suppress. We affirm.

## PROCEDURAL BACKGROUND

On original submission, we dismissed appellant's appeal for lack of jurisdiction. We relied on *Dillehey v. State*, 788 S.W.2d 154 (Tex.App.—Dallas 1990), *rev'd*, 815 S.W.2d 623 (Tex.Crim.App.1991), as the basis for our action. The Court of Criminal Appeals reversed *Dillehey*. The Court of Criminal Appeals held defendants placed on deferred adjudication can appeal rulings on pretrial motions. *See Dillehey*, 815 S.W.2d at 626. Consequently, the Court of Criminal Appeals remanded this case to us to consider appellant's point of error. *See Brown v. State*, No. 644–90 (Tex.Crim.App. June 19, 1991).

## THE STATE'S CONTENTION

The State contends appellant's notice of appeal does not perfect her attempt to raise nonjurisdictional issues. The State

---

**1.** The Honorable Bill J. Stephens, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

refers us to rule 40(b)(1) of the Texas Rules of Appellate Procedure. Rule 40(b)(1) provides in part:

> [I]f the judgment was rendered upon [defendant's] plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

*See* TEX.R.APP.P. 40(b)(1).

The plea bargain agreement shows the punishment assessed did not exceed the punishment agreed to by the prosecutor and by the defendant and her attorney. The plea bargain agreement also shows the trial court allowed her to appeal the motion to suppress. However, the notice of appeal does not state the trial court granted permission to appeal the motion to suppress. Nor does the notice of appeal specify appellant raised the suppression issue by written motion and that the trial court ruled on this issue before trial. The notice of appeal contains the notation "Mtn to Suppress Only."

The State, relying upon *Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim.App. 1990), argues a notice violating rule 40(b)(1) only preserves jurisdictional defects for review. However, the Court of Criminal Appeals recently considered the issue of appealing a motion to suppress after entering into a plea bargain. *See Riley v. State*, 825 S.W.2d 699, 700–01 (Tex.Crim.App.1992).

In *Riley*, as here, the notice of appeal did not comply with rule 40(b)(1). The *Riley* record included an order signed by the trial court allowing Riley to appeal a motion to suppress. Similarly, our appellant included the plea bargain agreement, signed by the trial judge, allowing her to appeal her motion to suppress. The *Riley* court determined when all information required by

rule 40(b)(1) is in a trial court order included in the appellate record with a timely filed notice of appeal, courts of appeals have jurisdiction to address nonjurisdictional defects recited in the order. *See Riley*, slip op at 3. We reject the State's argument appellant preserved nothing for review.

## MOTION TO SUPPRESS

Appellant contends the trial court erred in denying her motion to suppress evidence. She contends the trial court should have suppressed evidence because the search violated *Terry v. Ohio*.[2]

### 1. Factual Background

Appellant was a passenger in a stolen car. Dallas police officers stopped the car. The officers ordered appellant and the driver out of the car. One of the officers saw appellant bend over as if she were reaching under the seat. They handcuffed appellant. A female police officer arrived shortly after the stop. This officer conducted a pat down search of appellant. She felt a hard object in appellant's boot and thought it might be a switch-blade. The officer retrieved the object. It was a crack cocaine smoking pipe. The officer continued the search. She found a container of crack cocaine in the same boot. The officer stated that from the moment she found the pipe appellant was under arrest for possession of drug paraphernalia.

### 2. Applicable Law

#### A. Standard of Review— Suppression Hearing

At a suppression hearing, the trial judge is the sole judge of the witnesses' credibility and the weight given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The trial judge may accept or reject any or all of the witnesses' testimony. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on oth-*

---

**2.** *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

*er grounds, Heitman v. State*, 815 S.W.2d 681, 685 n. 6 (Tex.Crim.App.1991). We do not engage in our own factual review. We only consider whether the trial court improperly applied the law to the facts. *See Romero*, 800 S.W.2d at 543. Absent a showing of an abuse of discretion, we do not disturb the trial court's findings. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim.App.1985). We view the evidence in the light most favorable to the trial court's ruling. *Daniels v. State*, 718 S.W.2d 702, 704 (Tex.Crim.App.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), *overruled on other grounds, Juarez v. State*, 758 S.W.2d 772, 780 n. 3 (Tex.Crim. App.1988). If the evidence supports the trial court's ruling, we do not disturb that ruling. *Johnson*, 803 S.W.2d at 287.

### B. The Search and Seizure—Federal and State Standards [3]

When we analyze and interpret article 1, section 9 of the Texas Constitution, we are not bound by the United States Supreme Court decisions considering the comparable fourth amendment issue. *See Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Crim.App.1991); *see also Richardson v. State*, 824 S.W.2d 585 (Tex.Crim.App. 1992) (not yet reported). State constitutions cannot subtract from the rights guaranteed by the United States Constitution, but a state constitution can give citizens additional rights.[4] We must analyze the rights of Texas citizens by recognizing that the United States Supreme Court decisions represent the minimum protection that Texas must afford its citizens. The federal Constitution sets the floor for individual rights; state constitutions establish the ceiling. *Heitman*, 815 S.W.2d at 690; *LeCroy v. Hanlon*, 713 S.W.2d 335, 338 (Tex. 1986). We determine the Texas standard by reviewing the statutes enacted by the Texas Legislature and the decisions rendered by the Texas Court of Criminal Appeals.

### 1. Investigatory Stops

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Crockett v. State*, 803 S.W.2d 308, 311 (Tex.Crim.App.1991). To justify temporary detention, the officer must have specific articulable facts which, considering his experience and personal knowledge and his inferences from those facts, would reasonably warrant an intrusion on the freedom of the citizen stopped for investigation. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1879. For a *Terry* stop to be valid, unusual activity must be occurring or have occurred, the accused must be connected with the suspicious activity, and the suspicious activity must be connected with the crime. *See Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983).

We perceive no Texas statute or case requiring different or more stringent reasons than those articulated in *Terry* to justify a temporary detention in Texas under article 1, section 9. In a case decided after *Heitman*, our Court of Criminal Appeals applied the *Terry* standards without a separate analysis under Texas law. *See Davis v. State*, 829 S.W.2d 218, 219 (Tex. Crim.App.1992). We conclude that the interpretation of Texas search and seizure law is the same as that of the United States Supreme Court's interpretation of the fourth amendment.

Officers may stop a car based upon a report that the car is stolen. *See Kelly v.*

---

**3.** When briefing constitutional questions, attorneys should separate federal and state issues into separate grounds and provide a substantive analysis or argument on each ground. If counsel does not sufficiently distinguish state and federal constitutional grounds, the reviewing court may overrule the ground as multifarious. *See Heitman v. State*, 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App.1991).

**4.** Although the *Heitman* majority adopts the doctrine of "independent state grounds," the majority does not tell the intermediate courts of appeals what these independent state grounds are. *See Heitman*, 815 S.W.2d at 691 (McCormick, J., dissenting).

*State,* 721 S.W.2d 586, 587 (Tex.App.—Houston [1st Dist.] 1986, no pet.). An occupant of a car is subject to a temporary detention as readily as any pedestrian. *See Gearing v. State,* 685 S.W.2d 326, 328 (Tex.Crim.App.1985).

### 2. Search Incident to an Investigatory Detention

█ When an officer lawfully detains a suspect for investigation, he may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of others. *See Terry,* 392 U.S. at 27, 88 S.Ct. at 1883. Again, we conclude the determination of the rights of Texas citizens on the scope of a search for weapons following an investigatory detention are the same as the rights articulated by the United States Supreme Court under comparable fourth amendment rights. *See Davis,* 829 S.W.2d at 221; *Worthey v. State,* 805 S.W.2d 435, 437 (Tex.Crim.App. 1991); *see also Spillman v. State,* 824 S.W.2d 806, 809 (Tex.App.—Austin 1992).

█ The purpose of a limited search after a temporary detention is not to discover evidence of crime but to allow the officer to pursue an investigation without fear of violence. *Perez v. State,* 548 S.W.2d 47, 49 (Tex.Crim.App.1977). It is permissible for an officer to handcuff an individual being detained when the officer reasonably believes it is necessary to do so to protect himself. *See Mays v. State,* 726 S.W.2d 937, 943–44 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988).

The officer need not be absolutely certain the individual is armed. The issue is whether a reasonably prudent person in the circumstances would be warranted in the belief his safety or that of others was in danger. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883; *Perez,* 548 S.W.2d at 49. Probable cause is not the basis for an officer's self-protective search for weapons. *Worthey,* 805 S.W.2d at 436. The officer need only reasonably believe a crime is taking place and that a person with whom he is dealing may be armed and dangerous. *Worthey,* 805 S.W.2d at 437. We view the "totality of the circumstances" surrounding the incident to determine whether the police conduct was reasonable. *See Shaffer v. State,* 562 S.W.2d 853, 855 (Tex.Crim.App. [Panel Op.] 1978).

### 3. Application of Law to the Facts

█ Appellant argues the officer had no objective reason to believe appellant had been carrying any kind of weapon. He contends the officer could not articulate any objective reason to believe appellant was carrying a weapon. We disagree.

First, appellant does not contest the stop itself. There is no dispute the officers made the stop based on a report the car was stolen. *See Kelly,* 721 S.W.2d at 587. Because appellant was a passenger in a reportedly stolen car, the officers could temporarily detain her to check her involvement. *See Crockett,* 803 S.W.2d at 311. The issue is whether the officers subsequent seizure of the evidence was lawful.

The officer testified he received a report the car was stolen. He said whenever the police stop a stolen car, they remove the occupants. They determine whether the passengers are suspects in the original offense. To protect themselves and others, the officers do a pat down search of all occupants to see if the occupants have any weapons. The officer testified the offense of unauthorized use of a motor vehicle is a felony. He said any time they deal with felony suspects, they always do a pat down search for safety purposes. The officer also testified when he stopped the car, he saw appellant bending over as if she were reaching under the seat. He stated this action alarmed him because they find many guns in cars. An officer need only have a reasonable belief that the person may be armed and dangerous. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883; *Worthey,* 805 S.W.2d at 439.

The female officer who conducted the pat down search testified she was searching for weapons because of the circumstances. The officer testified she did the pat down search from the top of appellant to her boots. When she reached the boots, she felt a hard object inside the right boot.

She thought it was a knife. She removed the object and saw it was a crack cocaine smoking pipe. She completed the search and found the container of crack cocaine. Under the totality of the circumstances, the facts in this case create a specific articulable suspicion for the officer to fear that appellant was armed and dangerous. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1879; *Worthey*, 805 S.W.2d at 439. The officer performed the least intrusive search possible by frisking appellant's clothes from the outside. This search revealed something solid inside appellant's boot. The officer confined the search to what was minimally necessary to investigate whether appellant carried a weapon in her boot.

We hold the circumstances justified the officer's search of appellant. The totality of the circumstances raised a reasonable belief that appellant could have been armed and dangerous. We hold the trial court did not abuse its discretion in denying appellant's motion to suppress. The trial court properly admitted the cocaine into evidence. We overrule appellant's point of error.

We affirm the trial court's judgment.