**Drexel Dinero COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00164–CR.**

Court of Appeals of Texas, Dallas.

April 22, 1992.

**64**

Hal E. Turley, Dallas, for appellant.

Anne B. Wetherholt, Dallas, for appellee.

Before STEWART, CHAPMAN and ROSENBERG, JJ.

## OPINION

STEWART, Justice.

Drexel Dinero Cook appeals from a jury conviction of the offense of burglary of a habitation. The trial court assessed punishment at thirty years' confinement. In three points of error, appellant argues that the trial court erred in (1) overruling a motion to suppress evidence because it was a result of an illegal stop and arrest, (2) admitting a parole-violation warrant in violation of the best-evidence rule, and (3) admitting a parole-violation warrant because it is inadmissible under *Cole v. State*, No. 1179–87 (Tex.Crim.App. November 14, 1990) (reh'g granted July 3, 1991). We affirm the trial court's judgment.

## BACKGROUND FACTS

In a hearing outside the presence of the jury on an oral motion to suppress an illegal arrest, Dallas Police Officer Tom Mortl testified that, at 2:30 p.m. on October 25, 1990, he received a call concerning suspicious persons carrying a console TV down the street. Mortl testified that, when he arrived at the location, he found two men fitting the descriptions of the persons reported and that, although they did not have the TV, appellant was holding a TV antenna. Mortl stated that he approached the two men and asked to talk to them. The men came over to his car, and Mortl asked them about the TV antenna. They said that they had found it. Mortl testified that he noticed a TV remote control in plain view hanging out of appellant's front pocket. Mortl also testified that he asked appellant his name and that appellant gave the name of Frederick or Freddy Cook. Mortl checked the name in the computer and learned that Freddy Cook had outstanding arrest warrants.

Mortl testified that he told appellant about the outstanding arrest warrants and that appellant then gave the name of Drexel Dinero Cook. A computer search, however, revealed an outstanding parole-violation warrant under that name. Mortl placed appellant under arrest at that point. The trial court held that Mortl had a right to arrest appellant and overruled appellant's motion to suppress. The trial court admitted the testimony about the TV antenna, the remote control, the stop, and the subsequent arrest.

Glen Allen, a parole officer with the Texas Department of Criminal Justice in the

Parole Division, testified at the motion-to-suppress hearing that he supervised appellant's parole. He explained that a parole-revocation warrant for appellant's arrest was issued on April 25, 1990, and remained unserved until October 25, 1990. Allen stated that he had a copy of the warrant issued by the Board of Paroles and that the copy had not been changed, altered, or deleted. He explained that the original warrant had been returned to the Board of Paroles in Austin. The trial court overruled appellant's objection to the warrant and admitted the parole-violation warrant.

## LEGALITY OF THE STOP

Appellant argues in his first point of error that the trial court erred in overruling his motion-to-suppress evidence because the appellant's stop, detention, and arrest violated the Fourth Amendment of the United States Constitution, article 1, section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure. The State responds that appellant did not preserve error for review because his objection at trial does not comport with his argument on appeal. If error has been preserved, the State maintains that the trial court did not err in denying appellant's motion to suppress.

### A. Standard of Review

■■■ At a hearing on a motion to suppress, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The appellate court decides whether the trial judge's fact findings are supported by the record. *Id.* If the fact findings are supported by the record, the appellate court cannot disturb them. We only address the question whether the trial court improperly applied the law to the facts. *Id.* Further, the State is entitled to show the circumstances surrounding an arrest. *Maddox v.*

*State*, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985). The evidence is inadmissible when it is inherently prejudicial and irrelevant to any issue in the case. *Id.* On appeal, we need only determine whether the trial court abused its discretion in admitting the evidence that shows the circumstances surrounding the arrest. *Id.*

### B. Federal and State Search and Seizure

■■■ When analyzing and interpreting Article 1, Section 9 of the Texas Constitution, we are not bound by United States Supreme Court decisions that address the Fourth Amendment. *Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Crim.App.1991).[1] The decisions of the United States Supreme Court represent the minimum protection that Texas must afford its citizens. *Heitman*, 815 S.W.2d at 690. The federal constitution sets the floor for individual rights; state constitutions establish the ceiling. *Heitman*, 815 S.W.2d at 690; *Brown v. State*, 830 S.W.2d 171, 174 (Tex.App.—Dallas, 1992, no pet. h.). We determine the Texas standard for search and seizure by reviewing the statutes enacted by the Texas Legislature and the decisions rendered by the Texas Court of Criminal Appeals. *Brown*, 830 S.W.2d at 174. In *Brown*, this Court held that no Texas statute or case required different or more stringent reasons than those articulated in *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968), to justify a temporary detention in Texas under article 1, section 9 of the Texas Constitution. *Brown*, 830 S.W.2d at 174. Therefore, we interpret Texas search and seizure law in accordance with the United States Supreme Court's interpretation of the Fourth Amendment. *Id.*

### C. Arguments

Appellant, in his oral motion to suppress, asked to test the legality of any seizure, any arrest, and any matters that resulted

---

1. Attorneys, when briefing constitutional questions, should separate federal and state issues into separate grounds and provide substantive analysis or argument on each ground. If counsel does not sufficiently distinguish between state and federal constitutional grounds, the reviewing court may overrule the ground as multifarious. *See Heitman v. State*, 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App.1991).

from the arrest. In support of its contention that appellant failed to preserve his first point of error, the State cites portions of the record that only address appellant's arguments about the outstanding warrants. Appellant challenged the legality of the stop and matters connected with the stop. We conclude that appellant did not waive error, because appellant's objection at trial comports with his argument on appeal. *Cravens v. State*, 687 S.W.2d 748, 752 (Tex.Crim.App.1985).

An officer may briefly stop a suspicious individual to determine his identity or to maintain the status quo momentarily while obtaining more information. *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim.App.1987). Although police officers may approach and question an individual, the individual need not answer any questions put to him; he may decline to answer the questions and may go on his way. *Florida v. Royer*, 460 U.S. 491, 497–98, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229 (1983). When the questioning becomes a detention, it must be supported by reasonable suspicion. *Daniels v. State*, 718 S.W.2d 702, 704 (Tex.Crim.App.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), *overruled on other grounds, Juarez v. State*, 758 S.W.2d 772, 780 n. 3 (Tex.Crim. App.1988). To justify a temporary detention, the officer must have specific facts that, in light of his experience and personal knowledge, together with inference from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1879; *Hoag*, 728 S.W.2d at 380. There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or has occurred, some suggestion that the detained person is connected with this unusual activity, and some indication that the activity is related to a crime. *Hoag*, 728 S.W.2d at 380. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.

1983). Further, evidence obtained in violation of the federal or state constitutions or laws is inadmissible. Tex.Code Crim.Proc. Ann. art. 38.23 (Vernon Supp.1992).

In the case at bar, Officer Mortl had a reasonable suspicion that a crime was occurring or had occurred. *Hoag*, 728 S.W.2d at 380. He responded to a call about two African–American males carrying a television and saw two men that matched the description walking down the street. One of the men, appellant, was holding a television antenna. Mortl asked the men to talk to him. They approached Mortl and told him that they had found the antenna. Mortl also saw a TV remote control in plain view hanging out of appellant's front pocket. Because appellant matched the description in the report and had a TV antenna and remote control, Mortl had specific facts in light of his experience to stop and to talk to appellant concerning a possible burglary. We conclude that the officer had reasonable suspicion based on articulable facts to support appellant's detention.

Moreover, when Mortl asked appellant for identification, appellant gave Mortl a name that had outstanding arrest warrants. Mortl told appellant about the warrants and appellant gave Mortl another name that had an outstanding parole-violation warrant. Because under either name given by appellant an outstanding warrant existed, Mortl arrested appellant. We conclude that the stop, detention, and subsequent arrest did not violate appellant's rights under the federal or state constitutions or under article 38.23 of the Texas Code of Criminal Procedure. Accordingly, we hold that the trial court did not err in overruling appellant's motion to suppress. We overrule appellant's first point of error.

## PAROLE–VIOLATION WARRANT

### A. Best–Evidence Rule

In his second point of error, appellant argues that the parole-violation warrant was inadmissible under the best-evidence rule because the trial court admitted a copy of the warrant rather than the original warrant. The State maintains that the

duplicate is admissible to the same extent as the original and that the adoption of the Texas Rules of Criminal Evidence did not prevent the State from introducing a copy of the parole-violation warrant.

The best evidence rule does not apply when the item in question is not admitted into evidence to prove its contents. *Sharp v. State*, 707 S.W.2d 611, 618 (Tex.Crim. App.), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1986). In the case at bar, appellant objected to a copy of the parole-violation warrant. However, the State offered the warrant to prove that there was an outstanding parole violation warrant in existence; the State did not offer the warrant to prove the truth of the allegations contained in it. The best-evidence rule does not bar the use of a copy of a warrant where the State offered it in evidence only to show the existence of the warrant and not to prove its contents. *Overton v. State*, 490 S.W.2d 556, 559 (Tex. Crim.App.1973).

■■■ Appellant also argues on appeal that the State bears the burden to produce the original document in the trial court for a determination of the warrant's sufficiency to justify an arrest. *Miller v. State*, 736 S.W.2d 643, 648 (Tex.Crim.App.1987). In *Miller*, the court held that the supporting affidavit was conclusional and rendered the arrest warrant invalid because the warrant was not issued in response to probable cause. *Id.* at 647. As a result, the court ruled that, where the legality of the arrest is contested and the State intends to justify the arrest on a warrant, the State must produce the warrant before the trial court for a determination of the warrant's sufficiency. *Id.* at 648. The court in *Miller* did not require the State to produce the original warrant; the court did not address the issue whether the State had to produce an original as opposed to a duplicate. We conclude that *Miller* does not require the State to produce an original arrest warrant before the trial court; we further conclude

that the State may produce a duplicate of the original warrant. *See* Tex.R.Crim.Evid. 1001, 1003. Rule 1001 defines a duplicate and rule 1003 provides that a duplicate is admissible to the same extent as an original unless (1) a question is raised about authenticity or (2) in the circumstances it would be unfair to admit the duplicate instead of the original. Because appellant did not raise questions about the authenticity of the arrest warrant or contend that it was unfair to admit a duplicate, a copy of an arrest warrant was admissible to the same extent as the original in this case. Tex.R.Crim.Evid. 1003. We overrule appellant's second point of error.

### B. Hearsay Exception

■■■ Appellant argues in his third point of error that the trial court erred in admitting a copy of the parole-violation warrant because the warrant was inadmissible under *Cole v. State*, No. 1179–87 (Tex.Crim. App. November 14, 1990) (reh'g granted July 3, 1991). The State responds that *Cole* does not apply and that the copy of the parole-violation warrant was admissible under the business records exception.[2]

At issue in *Cole* was whether the trial court correctly admitted hearsay evidence during trial under the business records exception concerning the results of chemical tests performed by a Texas Department of Public Safety chemist who was unavailable to testify. Tex.R.Crim.Evid. 803(6). There, the appellant objected that the admission of the evidence violated Rule 803(8) of the Texas Rules of Criminal Evidence, the public records exception. *Cole*, slip op. at 2. The court held that the chemist was law enforcement personnel and that, therefore, the evidence was inadmissible under rule 803(8)(B) because it constituted matters observed by law enforcement personnel. *Id.* at 12. The court also found that evidence inadmissible under rule 803(8)(B) is inadmissible under rule 803(6). *Id.* at 13. The

---

2. We recognize that, because the Court of Criminal Appeals granted rehearing in *Cole*, it is not final and not part of the jurisprudence of this State. *See Yeager v. State*, 727 S.W.2d 280, 281 n. 1 (Tex.Crim.App.1987); *Brown v. State*, 807

S.W.2d 615, 616 (Tex.App.—Houston [14th Dist.] 1991, no pet.). However, we address appellant's argument to the extent he relies on *Cole* because, even if part of the law of the state, *Cole* does not apply to the facts of our case.

court held that evidence that does not qualify under the public records exception cannot be qualified under the business records exception. *Id.* at 11–12.

In the case at bar, appellant objected to the admission of the parole-violation warrant based on *Cole.* Appellant argued that a parole officer qualifies as law enforcement personnel and, as such, his testimony was inadmissible to prove that the parole violation warrant was a public record under rule 803(8)(B). He also argued that, because the warrant was inadmissible as a public record, it could not be qualified as a business record. At the hearing on the motion to suppress, the State offered the parole-violation warrant under the business record exception to the hearsay rule. On appeal, the State argues that the parole-violation warrant is admissible as a business record and under rule 803(8)(A), which does not contain a provision excluding matters observed by law enforcement personnel. Rule 803(8)(A) provides that records setting forth the activities of an office or agency are admissible under the public-records exception.

We conclude that *Cole* does not apply to the case at bar because the parole-violation warrant is not a record of matters observed by law-enforcement personnel. A parole-violation warrant is a document issued by the Board of Pardons and Paroles when there is reason to believe that the parolee has violated a condition of his parole. TEX. CODE CRIM.PROC.ANN. art. 42.18, § 13(a) (Vernon Supp.1992). The warrant authorizes all officers to detain and to take custody of the prisoner. *Id.* The warrant in this case was issued because the Board of Pardons and Paroles had reason to believe that appellant had committed violations of his conditions of parole. Because the warrant was not a record, report, or statement of matters observed by the parole officer or other law-enforcement personnel, we conclude that it does not fall within rule 803(8)(B) or the holding in *Cole.*

Moreover, we also conclude that the warrant qualifies under the business-record exception. To qualify under this exception, the record or report must be made at or near the time by, or from information by, a person with knowledge, kept in the course of a regularly conducted business activity, and the requirements must be shown by the testimony of the custodian of the records or other qualified witness. TEX.R.CRIM.EVID. 803(6). A qualified witness need only have personal knowledge about the method of preparation of the records and not the contents of the records. *Mitchell v. State,* 750 S.W.2d 378, 379–80 (Tex.App.—Fort Worth 1988, pet. ref'd). The record, if it meets these requirements, is admissible as an exception to the hearsay rule unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. TEX. R.CRIM.EVID. 803(6).

Here, the State laid the proper predicate and met all the requirements to qualify the warrant as a business record. In summary, we conclude that *Cole* and rule 803(8)(B) do not apply to the parole-violation warrant and that the warrant was admissible under the business-record exception. Accordingly, we need not address the warrant's admissibility under rule 803(8)(A). We overrule appellant's third point of error.

We affirm the trial court's judgment.