IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-487-CR




LUTHER GERALD EDMONDSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY



NO. 2C92-3048, HONORABLE JOHN BARINA, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of unlawfully carrying a weapon. 
Tex. Penal Code Ann. § 46.02 (West 1989). Pursuant to a plea bargain agreement, the court
assessed punishment at incarceration for three days and a $350 fine. In two points of error,
appellant contends the court erroneously overruled his pretrial motion to suppress evidence.

 Temple police officer Willis Craik testified that he stopped the pickup truck driven
by appellant because, "The vehicle had a cardboard buyer's tag in the rear window. The buyer's
tag was faded; and since it was in the rear window and not back in the license plate holder, I
couldn't see the expiration date on it. It appeared to be expired. I couldn't tell." The officer
explained that buyer's tags "are only good for twenty days . . . [and] the sun generally fades them
out after that." An inspection of the tag following the stop disclosed that it had, in fact, expired. 
See Tex. Rev. Civ. Stat. Ann. art. 6686(a)(3) (West 1977).

 In the course of this traffic stop, Craik saw a pistol on the backseat of appellant's
truck. The officer seized the pistol and arrested appellant for unlawfully carrying a weapon. 
Appellant moved to suppress the pistol on the ground that the stop of his truck was without
probable cause. The court agreed that the officer did not have probable cause to believe that an
offense was being committed but overruled the motion to suppress, reasoning that the officer had
a reasonable basis for stopping appellant for investigation.

 A police officer may detain a person for investigatory purposes if, based on the
totality of the circumstances, the officer has a particularized and objective basis for suspecting the
particular person stopped of criminal activity. United States v. Cortez, 449 U.S. 411 (1981). In
order to justify the intrusion, the officer must have specific and articulable facts which, in light
of his experience and personal knowledge, together with other inferences from those facts, would
reasonably warrant the intrusion for further investigation. Johnson v. State, 658 S.W.2d 623, 626
(Tex. Crim. App. 1983). Contrary to appellant's argument in his first point of error, we conclude
that the trial court did not err in finding that the facts warranted Craik's temporary detention of
appellant for further investigation of the suspected vehicle registration violation. The first point
of error is overruled.

 In point of error two, appellant contends that a temporary investigative detention
on less than probable cause violates the constitution and statutes of Texas. Tex. Const. art. I, §
9; Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977) & art. 38.23 (West Supp. 1993). This
Court has held that, under the circumstances discussed in the preceding paragraph, a temporary
detention on less than probable cause is reasonable under the Texas Constitution. Spillman v.
State, 824 S.W.2d 806, 811 (Tex. App.--Austin 1992, pet. ref'd); and see Brown v. State, 830
S.W.2d 171, 174 (Tex. App.--Dallas 1992, pet. ref'd). Article 14.01, relating to arrests without
warrant, does not apply because a temporary investigative detention is not an arrest. Article
38.23, the state exclusionary rule, is also inapplicable because a temporary detention on adequate
grounds does not violate the constitution or laws of Texas or the United States. Point of error two
is overruled.


 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: April 28, 1993

[Do Not Publish]