IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-486-CR





KENNETH WAYNE COLE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 



NO. 2C91-98,255, HONORABLE JOHN BARINA, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of driving while intoxicated. Tex.
Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). Pursuant to a plea bargain agreement, the
court assessed punishment at incarceration for three days and a $500 fine. In four points of error,
appellant contends that the court erred by overruling his pretrial motion to suppress evidence. 

 At 9:40 p.m. on June 8, 1991, Department of Public Safety trooper Walter
Peterson stopped the pickup truck driven by appellant after observing it weaving and crossing the
center stripe of the highway. The truck crossed the center stripe three times as the officer
watched, and crossed the right margin stripe twice. After the stop, appellant displayed the
symptoms of intoxication that led to his arrest. 

 Appellant argues that the stop of his truck by the officer violated his rights under
the constitution and statutes of Texas. Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art.
14.01(b) (West 1977) & art. 38.23 (West Supp. 1993). Specifically, appellant contends that the
officer did not have probable cause to believe that a crime was being committed before stopping
him, that the officer also did not have adequate cause to stop him for further investigation, and
that the constitution and statutes of Texas do not, in any event, authorize a temporary investigative
detention on less than probable cause.

 An officer may arrest an offender without a warrant for any offense committed in
his presence or within his view. Art. 14.01(b). Both the failure to drive on the right half of the
roadway and the failure to drive within a single lane are misdemeanors. Tex. Rev. Civ. Stat.
Ann. art. 6701d, §§ 52, 60, 143 (West 1977). We believe that appellant's erratic driving on the
night in question warranted the officer in the belief that these traffic offenses were committed in
his view. Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (test for probable cause
same under Texas and federal law). 

 At the hearing, the officer testified that no lane violation took place because the
failure to maintain a single lane is not an offense unless the driver "cause[s] some kind of an
unsafe act." (1) The officer did not, however, suggest that there was any excuse for appellant's
failure to drive on the right side of the highway. Article 6701d, § 52. Moreover, the validity of
an arrest or stop is determined solely by analyzing objectively the facts surrounding the event
without regard to the officer's subjective reasoning. Garcia v. State, 827 S.W.2d 937, 943 (Tex.
Crim. App. 1992); see Amores, 816 S.W.2d at 413; Gordon v. State, 801 S.W.2d 899, 912 (Tex.
Crim. App. 1990) (plurality opinion) (applying objective test under Texas Constitution). Point
of error one is overruled.

 Even if the officer's observations did not rise to the level of probable cause, we
conclude that the officer had specific articulable facts which, in light of his experience, would
reasonably justify a temporary detention for the purpose of investigation. Johnson v. State, 658
S.W.2d 623, 626 (Tex. Crim. App. 1983). Both this Court and another court of appeals have
held that a temporary detention on less than probable cause is reasonable under the Texas
Constitution. Spillman v. State, 824 S.W.2d 806, 811 (Tex. App.--Austin 1992, pet. ref'd);
Brown v. State, 830 S.W.2d 171, 174 (Tex. App.--Dallas 1992, pet. ref'd). Point of error two
is overruled.

 In point of error three, appellant argues that chapter 14 of the Code of Criminal
Procedure does not permit an arrest on less than probable cause. We agree. But a temporary
investigative detention is not an arrest, and therefore probable cause is not required. The third
point of error is overruled.

 Finally, appellant contends that the concept of temporary detention is a court-made
exception to the federal exclusionary rule that is not recognized by article 38.22, our statutory
exclusionary rule. See Garcia v. State, 829 S.W.2d 796 (Tex. Crim. App. 1992) (article 38.22
does not permit application of inevitable discovery doctrine). This contention is incorrect. A
temporary investigative detention on less than probable cause is reasonable under the federal and
Texas constitutions, provided certain minimum requirements are satisfied. United States v.
Cortez, 449 U.S. 411, 417 (1981); Terry v. Ohio, 392 U.S. 1, 30-31 1968); Spillman, 824
S.W.2d at 811. Because there is no constitutional violation, article 38.22 is inapplicable. Put
another way, a temporary detention is an exception to the probable cause requirement, not an
exception to the exclusionary rule. Point of error four is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: May 12, 1993

[Do Not Publish]

1.   We assume that the officer was referring to the statutory requirement that a driver not
change lanes "until the driver has first ascertained that such movement can be made with
safety." Art. 6701d, § 60.