**Denis Maricler GOMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00444–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 8, 1999.

Rehearing Overruled Jan. 13, 2000.

Winston E. Cochran, Jr., Houston, for appellants.

Alan Curry, Houston, for appellees.

## OPINION ON MOTION FOR REHEARING EN BANC

DON WITTIG, Justice.

Appellant filed a motion for rehearing in this case. *See* TEX.R.APP. P. 49.1. We granted the motion to conduct an en banc review of the correctness of this Court's earlier, unpublished decision. We withdraw our initial opinion of March 4, 1999, and substitute this opinion in its stead.

Denis Maricler Gomes (Appellant) was indicted for the first degree felony offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(b) (Vernon 1994). Following the denial of her motion to suppress her confession, Appellant pled *nolo contendere.* The trial court found Appellant guilty of the offense alleged in her indictment and, in accordance with her plea-bargained agreement with the State, sentenced her to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 1994). On appeal to this Court, Appellant challenges the trial court's ruling which denied her motion to suppress.

### Jurisdiction

In this Court's initial, majority opinion, we dismissed Appellant's appeal for lack of jurisdiction. We held that because Appellant filed only a general notice of appeal, this Court lacked jurisdiction to consider Appellant's nonjurisdictional challenges to the propriety of her conviction. Specifically, we determined that this Court lacked jurisdiction because Appellant's notice of appeal did not state that her issues were raised by written motion and ruled on before trial, nor did anything in the record show that Appellant obtained permission from the trial court to appeal its decision to deny her motion to suppress. *See* TEX. R.APP. P. 25.2(b)(3).

The form and sufficiency of an appellant's notice of appeal in a criminal case is governed by Rule 25.2 of the Texas Rules of Appellate Procedure. Rule 25.2 provides, in pertinent part, the following:

(3) [I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed by the defendant, the notice [of appeal] must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b)(3); *see also Villanueva v. State,* 977 S.W.2d 693, 695 (Tex. App.-Fort Worth 1998, no pet.).

In this case, the record shows that Appellant filed a general notice of appeal. In the body of the notice of appeal, nothing indicates that Appellant is appealing an issue that was raised by written motion and ruled on before trial nor does it indicate that permission was granted by the trial court to appeal any nonjurisdictional issues. However, the notice of appeal does contain a handwritten notation on the upper, right-hand corner, indicating that the appeal is limited to the trial court's ruling which denied Appellant's motion to suppress. In our earlier opinion, we dismissed Appellant's appeal, determining that the handwritten notation was insufficient to satisfy the provisions of Rule 25.2(b)(3).

In re-visiting this issue on rehearing, we note that the courts of this State have held that substantial compliance with the predecessor to Rule 25.2(b)(3) [1] may confer jurisdiction upon a court of appeals to review

---

1. *See* TEX.R.APP. P. 40(b)(1), 49 TEX. B.J. 565 (Tex.Crim.App.1986, revised 1997); *Villa-* *nueva,* 977 S.W.2d at 694–95.

nonjurisdictional challenges. *See Riley v. State*, 825 S.W.2d 699, 701 (Tex.Crim.App. 1992); *Flores v. State*, 888 S.W.2d 193, 196 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd); *Brown v. State*, 830 S.W.2d 171, 173 (Tex.App.-Dallas 1992, pet. ref'd). In *Riley*, the appellant filed only a general notice of appeal, seeking appellate review of the trial court's decision to deny his pretrial motion to suppress. 825 S.W.2d at 700–01. The court concluded that even though the notice of appeal was technically deficient, the appellant substantially complied with the predecessor to Rule 25.2(b)(3) because included in the record was a separate order, signed by the trial judge, which expressly limited the appeal to the trial court's ruling which denied the appellant's motion to suppress. *Id.* at 701. In *Flores*, the appellant filed only a general notice of appeal, seeking appellate review of the trial court's decision to deny his pre-trial motion to suppress. 888 S.W.2d at 195–96. The court concluded that the appellant substantially complied with the predecessor to Rule 25.2(b)(3) because included in the record were the trial court's signed docket entries, one of which stated that the appellant pled guilty and filed a notice of appeal of the trial court's pre-trial ruling which denied his motion to suppress. *Id.* at 196. In *Brown*, the appellant filed only a general notice of appeal, seeking appellate review of the trial court's ruling which denied her pre-trial motion to suppress. 830 S.W.2d at 172–73. While the appellant's notice of appeal did not comply with the predecessor to Rule 25.2(b)(3), the court nevertheless held that because the notice contained a notation, stating "Mtn to Suppress Only" and because the record contained a written plea bargain agreement, signed by the trial judge, allowing an appeal of the ruling on the motion to suppress, substantial compliance was shown. *Id.* at 173.

There are similar circumstances present in the record of this case to show substantial compliance with Rule 25.2(b)(3). First, as noted in this Court's earlier opinion, Appellant's general notice of appeal, which is signed by the trial judge, contains a handwritten notation, stating "Motion to Suppress Only." Second, the trial court's docket sheets show an entry stating "Notice of Appeal filed on Motion to Suppress Only." [2] This docket entry is not signed by the trial judge. Third, and perhaps most important, is the trial court's written judgment of conviction in this case, signed by the trial judge, expressly noting that notice of appeal was filed on "Mo Suppress Only." We hold that these three factors, taken together, show that the substance of Appellant's appeal was raised by written motion and ruled on before trial, in substantial compliance with Rule 25.2(b)(3)(B). *See* Tex.R.App. P. 25.2(b)(3)(B). Further, while not conclusive, the documents contained in the record indicate that the trial judge granted permission to Appellant to appeal his ruling on the motion to suppress. *See* Tex.R.App. P. 25.2(b)(3)(C). Thus, Appellant's notice of appeal confers jurisdiction upon this Court to review the trial court's ruling which denied her motion to suppress. *See Riley*, 825 S.W.2d at 701; *Flores*, 888 S.W.2d at 196; *Brown*, 830 S.W.2d at 173.

The merits of Appellant's appeal will be addressed by this Court in a separate opinion.

MAURICE E. AMIDEI, J. dissenting without opinion.

EDELMAN, J. dissenting with opinion.

EDELMAN, Justice, dissenting on motion for rehearing en banc.

Current appellate rule 25.2(b)(3), even

**2.** As a general rule, docket sheet entries not prepared and signed by the trial judge will not constitute substantial compliance with the rules governing notices of appeal in criminal cases. *Flores*, 888 S.W.2d at 195. This is because in most cases docket sheets are merely a record kept by the clerk showing the order and nature of the proceedings for each criminal action. *Id.*

more than its predecessor,[1] provides a simple, straightforward procedure for allowing appeals courts to readily determine whether they have jurisdiction over most appeals[2] from judgments rendered on negotiated pleas. *See* TEX.R.APP. P. 25.2(b)(3). Rule 25.2(d) also adds a safety net which allows appellants to amend general notices of appeals to comply with the rule without a showing of good cause, even after a brief has been filed and the State has pointed out the defect. *See* TEX.R.APP. P. 25.2(d).[3]

Where appellants do not avail themselves of this simple, inexpensive, and easy-to-remedy procedure for invoking the appellate court's jurisdiction on the few matters that can be appealed from negotiated pleas, as in this case and many others, (1) why should the limited and costly resources of the appeals courts be expended in searching records and deciphering handwritten notations in margins and docket sheets to make up for (and thereby reward) this disregard for the rules; (2) why should the appeals of other litigants, who have been diligent in following the rules, be delayed while the appeals courts are repeatedly called upon to engage in this exercise; and (3) why should this laxity be treated more favorably than other instances in which more understandable failures to preserve, or assign error to, complaints result in waiver?

---

1. Current rule 25.2(b)(3)(A) requires a notice to specify whether the appeal is for a jurisdictional defect whereas former rule 40(b)(1) allowed jurisdictional defects to be appealed with a general notice of appeal. *See, e.g., Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim. App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

2. A remaining exception to the rule is presumably an appeal challenging the voluntariness of the plea. *See Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996).

3. Although, technically, an amended notice of appeal is subject to being struck for cause, and amending a notice of appeal after an appellant's brief is filed requires leave of court, how often are circumstances likely to legitimately justify denying an amended notice of appeal if good cause need not be shown to amend?