David **STRNAD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–00–00387–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 8, 2001.

Rehearing Overruled March 8, 2001.

Winston E. Cochran, Jr., Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for the State.

Panel consists of Justices HEDGES, BRISTER, and PRICE.*

## OPINION ON MOTION FOR RE-HEARING AND MOTION FOR REHEARING EN BANC

HEDGES, Justice.

On October 26, 2000, we dismissed this appeal for lack of jurisdiction. *Strnad v. State*, No. 01–00–00387–CR, slip op. at 3, 2000 WL 1593772 (Tex.App.—Houston [1st Dist.] Oct. 26, 2000) (not designated for publication). Appellant filed a motion for rehearing and motion for rehearing en banc. We requested and received the State's response. The motion for rehearing and motion for rehearing en banc are denied. However, we withdraw our opinion of October 26, 2000, and issue the following opinion in its place.

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Appellant pled guilty to indecency with a child on February 2, 1994. In accordance with the terms of a plea bargain agreement, the trial judge deferred adjudication of guilt and placed appellant on community supervision for seven years. The State filed a motion to adjudicate guilt to which appellant entered a plea of true on February 18, 2000. The trial judge proceeded to find appellant guilty of indecency with a child and assessed punishment at confinement for five years.

■ Appellant filed a general notice of appeal that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. *See* Tex. R.App.P. 25.2(b)(3). The requirements of Rule 25.2(b)(3) apply to an appeal from a judgment adjudicating guilt when, as in the present case, the State recommended deferred adjudication probation at the original plea. *See Watson v. State,* 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996); *Scott v. State,* 995 S.W.2d 325, 326 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Okigbo v. State,* 960 S.W.2d 923, 925 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Tressler v. State,* 986 S.W.2d 381, 382 (Tex. App.—Waco 1999, no pet.).

■ Appellant argues that the record as a whole indicates judicial permission to appeal, even though the notice of appeal did not state that appellant had obtained such permission. The record in this case does not indicate that the trial court granted permission to appeal. Appellant first points to the judgment bearing both the trial judge's signature and the date of appellant's notice of appeal. We do not agree that the mere juxtaposition of the judge's signature and the stamped date the notice of appeal was filed means that the trial court gave permission to appeal. Appellant also argues that the fact that the trial judge set the amount of an appeal bond indicates permission to appeal.[1] However,

if appellant was eligible and suitable for bond pending appeal, the trial court could not deny an appeal bond, regardless of whether he gave permission to appeal. *See Ex parte Zigmond,* 933 S.W.2d 666, 667–68 (Tex.App.—San Antonio 1996, no pet.). We are also unpersuaded by appellant's argument that the granting of trial counsel's motion to withdraw that "referred to the appeal" indicates permission to appeal.[2]

Appellant relies on *Flores v. State,* 888 S.W.2d 193, 195–96 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Gomes v. State,* 9 S.W.3d 170, 171–72 (Tex.App.—Houston [14th Dist.] 1999, no pet.); and *Brown v. State,* 830 S.W.2d 171, 173 (Tex. App.—Dallas 1992, pet. ref'd). In *Flores,* we held that a docket sheet entry made and signed by the trial court, rather than the clerk, indicating that appellant gave "notice of appeal on the pre-trial ruling" was sufficient to satisfy the requirement of Rule 40(b)(1) (predecessor of Rule 25.2(b)(3)) that the appellant was "appealing a matter 'raised by written motion and ruled on before trial.'" *Flores,* 888 S.W.2d at 196. In *Brown,* the record "included a plea bargain agreement, signed by the trial judge, allowing the appellant to appeal the motion to suppress." *Brown,* 830 S.W.2d at 173. In *Gomes,* the court held that the record as a whole showed that the appeal was from denial of the motion to suppress. In that case, the notice of appeal bore the handwritten notation, "Motion to Suppress Only." Also, the judgment expressly noted that notice of appeal was filed on "Mo Suppress Only." *Gomes,* 9 S.W.3d at 172. In appellant's case, however, there is nothing in the record indicating that the trial court gave permission to appeal. Therefore, appellant did not substantially comply with the

---

1. The trial court set the amount of the appeal bond at $25,000 on the lower portion of the notice of appeal.

2. The motion stated that appellant's retainer agreement "specifically excludes appeals." The motion did not otherwise refer to an appeal.

requirements of Rule 25.2(b)(3) based on the record as a whole.

■ Because the time for filing a proper notice of appeal has expired, appellant may not file an amended notice of appeal to correct jurisdictional defects. *State v. Riewe,* 13 S.W.3d 408, 413–14 (Tex.Crim. App.2000). Therefore, we are without jurisdiction to consider complaints concerning adjudication of guilt. Appellant invites this Court to limit the holding of *State v. Riewe* to State's appeals. We decline to do so. *See Robinson v. State,* 24 S.W.3d 438, 439 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd).

■ Nor may we now consider any complaint concerning the original plea because those had to have been raised when deferred adjudication community supervision was first imposed. *Daniels v. State,* 30 S.W.3d 407, 408 (Tex.Crim.App.2000); *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999); *Marshall v. State,* 995 S.W.2d 880, 881 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). Accordingly, appellant's contention that his original plea was rendered involuntary by subsequent modification of his conditions of community supervision is without merit.[3]

Appellant also argues that the "standard Harris County notice of appeal" denies due process of law by failing to comply with a rule having jurisdictional effect, *i.e.,* Rule 25.2(b)(3). Appellant's premise is that the notice of appeal form was provided by Harris County. There is nothing in this record indicating the origin of the written notice of appeal, and we will not speculate as to its source.

■ Appellant further argues that the motion to adjudicate did not state a violation of the conditions of community supervision, and that this issue is jurisdictional. We disagree that this is a jurisdictional issue. The trial court retained continuing jurisdiction over this case because appellant was on deferred adjudication community supervision. The trial court could have revoked appellant's community supervision and adjudicated guilt at any time during the seven-year period that began on February 2, 1994. *See* TEX.CODE CRIM. P.ANN. art. 42.12 §§ 5(b), 10, 21(b) (Vernon Supp.2001).

■ Finally, appellant contends that Rule 25.2(b)(3) of the Rules of Appellate Procedure is unconstitutional as a violation of the "open courts" provision of Article I, § 13 of the Texas Constitution. This provision reads as follows: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The Open Courts provision affords three distinct protections. First, courts must actually be open and operating. Second, citizens must have access to the courts unimpeded by unreasonable financial barriers. Third, our law must afford meaningful legal remedies to our citizens, so the Legislature may not abrogate the right to assert a well-established common law cause of action. The Open Courts provision applies only to statutory restrictions of a cognizable common law cause of action. *Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 410 (Tex.1997). There was no common law right to appeal in criminal cases. *Martinez v. Court of Appeal of California, Fourth Appellate District,* 528 U.S. 152, 120 S.Ct. 684, 690, 145 L.Ed.2d 597 (2000). Accordingly, Rule 25.2(b)(3)

---

3. Appellant cites this Court's opinion in *Davis v. State,* 7 S.W.3d 695, 697 (Tex.App.—Houston [1st Dist.] 1999, no pet.). In *Davis,* we held that we had jurisdiction to consider the voluntariness of a plea, notwithstanding the fact that only a general notice of appeal had been filed (*i.e.,* one not in compliance with Rule 25.2(b)(3)), and notwithstanding the fact that the trial court had not given permission for an appeal. *Davis,* 7 S.W.3d at 697. *Davis* is inapposite to the present appeal, however, because it concerned appeals taken directly from pleas of guilty, not appeals taken after revocation of probation following a deferred adjudication of guilt, as in this case. This appeal is controlled by *Daniels v. State* and *Manuel v. State.*

does not violate the Open Courts provision of the state constitution.

We dismiss the appeal for lack of jurisdiction.