**Carl Milton KELLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0291–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 1986.

J.C. Castillo, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Calvin A. Hartmann, Harris County Asst. Dist. Atty., Houston, for appellee.

EVANS, C.J., and WARREN and SAM BASS, JJ.

## OPINION

EVANS, Chief Justice.

A jury found the appellant guilty of the misdemeanor offense of carrying a handgun, and the court assessed punishment at 60 days confinement.

A Houston police officer, while riding on patrol, randomly entered the appellant's license plate number into an onboard mobile data terminal computer. When the computer display showed that appellant's license plate number belonged to a reported stolen vehicle, the police officer stopped the appellant's automobile. After the appellant stepped outside the car, the officer observed a handgun located on the driver's side of the front seat. The officer then placed the appellant under arrest for investigation of operating a stolen vehicle and for carrying a handgun.

Later that evening, another police officer went to the home of the persons who were shown to be the owners of the vehicle. These persons informed the officer that the appellant was their nephew and that they had not reported the car stolen.

In his first point of error, the appellant asserts that the trial court erred in failing to instruct the jury to consider the legality of the search pursuant to Tex.Code Crim.P. Ann. art. 38.23 (Vernon 1979), which, in pertinent part, provides:

[i]n any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the

jury shall disregard any such evidence so obtained.

The appellant contends that the evidence raised a fact issue as to whether the police officer had probable cause to stop the appellant's vehicle, because the State failed to prove that the car was ever reported stolen.

Contrary to the appellant's contention, a police officer does not need probable cause to make a temporary investigative detention; he may do so upon reasonable suspicion based on articulable facts "that some activity out of the ordinary is or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the activity is related to crime." *Stone v. State*, 703 S.W.2d 652, 654 (Tex.Crim.App.1986). The "reasonable suspicion" need not rise to the level of probable cause, which would be required to justify a warrantless arrest or search. *Id.*

The question, then, is whether the evidence raised a fact issue regarding the officer's reasonable suspicion based on articulable facts, under the definition set forth in *Stone*. If a fact issue was raised by the evidence, the trial court was required to submit a requested instruction under article 38.23. *Stone*, 703 S.W.2d at 655.

 We hold that the evidence does not raise a fact issue. It is undisputed that the officer stopped appellant's vehicle because of information received through the computer terminal in his police vehicle. The appellant does not contend that the officer did not actually receive the information as he testified. The appellant claims only that the State failed to prove that the car had, in fact, been stolen. A reasonable suspicion may be based on articulable facts, even if such facts are ultimately shown to be inaccurate or false. *Williams v. State*, 621 S.W.2d 613, 615 (Tex.Crim.App.1981). Here, there was no evidence that the officer had not acted upon the information received through his police computer terminal. The first point of error is overruled.

We also overrule the appellant's second point of error in which he contends that the trial court erred in overruling his motion to suppress the evidence obtained as a result of the allegedly illegal stop.

Because the initial detention of appellant's vehicle was lawful, the subsequent arrest of the appellant and recovery of the handgun were also legal. The investigating officer testified that the gun was in plain sight on the driver's side of the seat as soon as the appellant stepped out of the car. Thus, the three conditions necessary to invoke the plain view exception to the warrant requirement are present in this case: (1) the initial intrusion was proper; (2) the discovery of the handgun was inadvertent; and (3) it was immediately apparent to the police officer that there was evidence before him. *Snider v. State*, 681 S.W.2d 60, 63 (Tex.Crim.App.1984).

The judgment of the trial court is affirmed.