PD-1129-15

PD-1129-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/31/2015 12:00:00 AM
Accepted 9/1/2015 11:24:31 AM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-____-15

# *Sergio Manuel Nava, Jr., Appellant,*
# *v.*
# *State of Texas, Appellee.*

**On Discretionary Review from
No. 05-14-00242-CR
Fifth Court of Appeals, Dallas**

**On Appeal from No. CR12-1388
County Court at Law, Rockwall County**

# Petition for Discretionary Review

**Patrick Short**
**603 White Hills Drive**
**Rockwall, Texas 75087**
**Phone: 972-771-1441**
**Fax: 972-771-0377**
**patrick@patrickshort.com**
**Texas Bar No. 21216900**
**Attorney for Appellant**

*ORAL ARGUMENT NOT REQUESTED*

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

## Identity of Parties, Counsel, and Judges

**Sergio Manuel Nava, Jr.**, Appellant

**Patrick Short, Attorney for Appellant at Suppression Hearing and on Appeal,** 603 White Hills Drive, Rockwall, Texas 75087, phone (972) 771-1441, fax (972) 771-0377, email: patrick@patrickshort.com

**State of Texas, Appellee.**

**Kenda Culpepper, Rockwall County District Attorney, Attorney for Appellee,** 1111 E. YellowJacket Lane Suite 201, Rockwall, Texas 75087, phone (972) 204-6800, fax (972) 204-6809.

**Jeff Shell, Rockwall County Assistant District Attorney, Appellate Division, Attorney for Appellee on Appeal**, 1111 E. YellowJacket Lane Suite 201, Rockwall, Texas 75087, phone (972) 204-6800, fax (972) 204-6809.

**Jennifer Barnes Molina, Rockwall County Assistant District Attorney, Attorney for Appellee at Suppression Hearing,** 1111 E. YellowJacket Lane Suite 201, Rockwall, Texas 75087, phone (972) 204-6800, fax (972) 204-6809.

**Jon Thatcher, Rockwall County Assistant District Attorney, Attorney for Appellee at Suppression Hearing,** 1111 E. YellowJacket Lane Suite 201, Rockwall, Texas 75087, phone (972) 204-6800, fax (972) 204-6809.

**Hon. Brian Williams, Presiding Judge at Suppression Hearing, Rockwall County Court at Law,** 1111 E. YellowJacket Lane Suite 403, Rockwall, Texas 75087, phone (972) 204-6412, fax (972) 204-6419.

# Table of Contents

**Identity of Parties, Counsel, and Judges** .................................................... 2

**Table of Contents** ..................................................................3

**Table of Authorities** ................................................. 5

**Statement Regarding Oral Argument** .................................. 8

**Statement of the Case** ................................................ 9

**Procedural History** ..................................................... 11

**Questions or Grounds for Review** ..................................... 13

**Argument** ............................................................. 14

**Question for Review One:** In violation of the Fourth and Fourteenth Amendments of the United States Constitution, the Court of Appeals erred when it affirmed the trial court's denial of Appellant's motion to suppress evidence because there was no reasonable suspicion appellant committed any crime or driving violation. ................................ 14

**Question for Review Two:** In violation of the Fourth and Fourteenth Amendments of the United States Constitution, the Court of Appeals erred when it affirmed the trial court's denial of Appellant's motion to suppress evidence because the totality of the circumstances did not support reasonable suspicion or probable cause that appellant committed an offense justifying the stop. ..................................21

**Conclusion and Prayer** ................................................. 25

**Certificate of Service** .................................................26

**Certificate of Compliance with Tex. Rule App. Proc. 9.4**................................27

**<u>Appendix A</u>: Findings of Fact and Conclusions of Law**

**<u>Appendix B</u>: Judgment and Opinion of the Court of Appeals in *Nava v. State*, No. 05-14-00242-CR, 2015 WL 3936819 (Tex. App. June 26, 2015) (Memorandum Opinion).**

# Table of Authorities

**Cases**

*Alabama v. White*, 496 U.S. 325 (1990) ............................................. 15, 16, 17, 21

*Amador v. State*, 275 S.W.3d 872 (Tex. Crim. App. 2009) ................................. 19

*Arizpe v. State*, 308 S.W.3d 89 (Tex. App. San Antonio

2010, *no pet*.) ............................................................................ 16, 17, 21

*Armstrong v. State*, 550 S.W.2d 25 (Tex. Crim. App. 1977) ................................ 16

*Brother v. State*, 166 S.W.3d 255 (Tex. Crim. App. 2005) .................................. 16

*Brown v. Texas*, 433 U.S. 47 (1979) ....................................................... 16

*Coolidge v. New Hampshire*, 403 U.S. 443 (1971) .......................................... 15

*Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007) ............................. 21

*Florida v. Royer*, 460 U.S. 491 (1983)..................................................... 16

*Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005) ........................... 14, 17, 21

*Garcia v. State*, 43 S.W.3d 527 (Tex. Crim. App. 2001) ............................... 15, 16

*Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) .............................. 19

*Kelly v. State*, 721 S.W.2d 586 (Tex. App. Houston [1st Dist.]

1986, *no pet*.). ............................................................................ 16

*Livingston v. State*, 731 S.W.2d 744 (Tex. App. Beaumont

1987, pet. ref.) ............................................................................ 15

*Martinez v. State*, 348 S.W.3d 919 (Tex. Crim. App. 2011) .......................... 15, 17

*Pesina v. State*, 676 S.W.2d 122 (Tex. Crim. App. 1984) ............................... 17, 21

*Pham v. State*, 175 S.W.3d 767 (Tex. Crim. App. 2005)................................. 19, 20

*Rhodes v. State*, 945 S.W.2d 115 (Tex. Crim. App. 1997),

*cert. denied*, 522 U.S. 894 (1997) ................................................... 15, 17

*State v. Bryant*, 161 S.W.3d 758 (Tex. App. Fort Worth 2005, *no pet.*)................ 16

*State v. Cullen*, 227 S.W.3d 278 (Tex. App. San Antonio 2007, *pet. ref.*) ...... 17, 21

*Wehring v. State*, 276 S.W.3d 666 (2008)............................................. 18

*Zayas v. State*, 972 S.W.2d 779 (Tex. App. Corpus Christi

1998, *pet. ref.*) ................................................................... 15, 17

## Constitutions

U.S. Const. Amend. IV ................................................................ *passim*

U.S. Const. Amend. XIV ............................................................... *passim*

Tex. Const. Art. 1, § 9 .............................................................. 9, 11

## Statutes and Rules

Tex. Code Crim. Proc. Art. 14.01 ..................................................... 20

Tex. Code Crim. Proc. Art. 38.23 .......................................... 9, 11, 19, 20

Tex. Pen. Code § 49.04 ............................................................... 11

Tex. Rule App. Proc. 9.4............................................................. 27

Tex. Rule App. Proc. 9.5 .................................................................. 26

Tex. Rule App. Proc. 68.4 ................................................................. 8

Tex. Rule App. Proc. 68.11 ............................................................... 26

Tex. Transp. Code § 545.051 ............................. 14, 17, 18, 21, 22, 23, 24

## Statement Regarding Oral Argument

Appellant does not request oral argument. *See* Tex. Rule App. Proc. 68.4(c). This is a meritorious appeal of a criminal case. Appellant believes that the facts and legal arguments are adequately presented in this petition.

**To The Honorable Judges of the Court of Criminal Appeals:**

Sergio Manuel Nava, Jr., Appellant, respectfully submits this petition for discretionary review:

**Statement of the Case**

This petition for discretionary review requests that this Court review the judgment and opinion of the Fifth Court of Appeals in *Nava v. State*, No. 05-14-00242-CR, 2015 WL 3936819 (Tex. App. June 26, 2015) (Memorandum Opinion).

Appellant was stopped by Deputy Chris Mitchell of the Rockwall County Sheriff's Department on August 14, 2012, on the south service road of Interstate 30, at approximately mile marker 73. (RR, Vol. 2 pgs. 8, 9, 10)[1]. Such stop violated the Fourth and Fourteenth Amendments of the United States Constitution, and/or Article 1, Section 9 of the Texas Constitution and the statutory violation pursuant to Texas Code of Criminal Procedure Article 38.23.

The trial court erred by denying Appellant's motion to suppress evidence because based upon the evidence (1) there was not reasonable suspicion that Appellant committed any crime or driving violation that was not attenuated from the only violation, and (2) the totality of the circumstances did not support

---

[1] The Clerk's Record, is comprised of three volumes: Clerk's Record, Revised Clerk's Record and Supplemental Clerk's Record. Apparently the Clerk's Record was numbered incorrectly so referenced in this Petition will be "RCR" and "CR-Supp." followed by the page number of the Clerk's Record. The Reporter's Record, comprised of four volumes, is referenced as "RR" followed by the volume number and the page number, so page 2 of volume 2 is referenced as "RR2, 2."

reasonable suspicion or probable cause that appellant committed an offense justifying the stop.

## Procedural History

This case is an appeal of a negotiated plea of guilty following the trial court's denial of Appellant's Motion to Suppress, entered on February 20, 2014 in Rockwall County Court at Law under Cause Number CR12-1388. Appellant was charged by information for Driving While Intoxicated under Texas Penal Code § 49.04. The information alleged that on or about August 14, 2012, Appellant operated a motor vehicle in a public place while not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more such substances, or any other substance into his body, or by having an alcohol concentration of at least 0.08.

## Motion to Suppress

Prior to trial, Appellant filed a motion to suppress evidence, asking the court to suppress all the evidence obtained after the stop of Appellant's vehicle including but not limited to the following evidence: (1) a alcohol concentration test results, (2) HGN results, (3) field sobriety test results, (4) any video depicting events transpiring after the stop, (5) video and opinions of the arresting officer found to be formed after the stop. U.S. Const. Amend. IV & XIV; Tex. Const. Art. 1, §9; Tex. Code Crim. Proc. Art. 38.23. The court denied Appellant's Motion to Suppress evidence on February 7, 2014.

After the trial court signed its order denying the motion to suppress, appellant entered a negotiated plea of guilty and the trial court signed its Judgment and Order Granting Community Supervision. (CR, pgs. 55-57). The trial court sentenced appellant to 365 days in the Rockwall County Jail, but the sentence was suspended and appellant was placed on community supervision for fifteen (15) months and ordered to pay a fine of $800, along with court costs, and was required to comply with the other terms and conditions of community supervision. (CR, pgs. 55-57).

On or about July 18, 2014, Appellant filed Defendant's Request for Findings of Fact and Conclusions of Law. (CR, pgs. 4-5). This Court abated Appellant's appeal and the trial court's findings of fact and conclusions of law were filed on August 21, 2014. (*See* Appendix A).

## Court of Appeals

Appellant appealed the conviction. On June 26, 2015, the Fifth Court of Appeals affirmed the conviction. *Nava v. State*, No. 05-14-00242-CR, 2015 WL 3936819 (Tex. App. June 26, 2015) (Memorandum Opinion). (*See* Appendix B). Appellant filed a Motion for Rehearing on July 13, 2015, and the Court of Appeals denied the motion on July 30, 2015. This petition for discretionary review follows.

## Questions or Grounds for Review

The first question is whether, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, the Court of Appeals erred in affirming the trial court's denial of Appellant's motion to suppress because there was no reasonable suspicion appellant committed any crime or driving violation?

The pages of the record in which the first matter complained of are found throughout the Reporter's Record and Clerk's Record; especially on page 11 and 21 of the Reporter's Record, Volume 2.

The second question is whether, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, the Court of Appeals erred when it affirmed the trial court's denial of Appellant's motion to suppress evidence because the totality of the circumstances did not support reasonable suspicion or probable cause that appellant committed an offense justifying the stop?

The pages of the record in which the second matter complained of are also found throughout the record; especially on the following pages: Reporter's Record Volume 2, pages 11, 2, 13, and 17.

<u>**Argument**</u>

**I. Question for Review One: In violation of the Fourth and Fourteenth Amendments of the United States Constitution, the Court of Appeals erred when it affirmed the trial court's denial of Appellant's motion to suppress evidence because there was no reasonable suspicion appellant committed any crime or driving violation.**

**A. The opinion of the Court of Appeals ignores the facts and the law.**

In affirming the trial court below, the Court of Appeals relied entirely too much on the implicit findings the trial court supposedly made in their denial of Appellant's motion to suppress. The Court of Appeals determined that the record and the trial court's findings support the fact that the "trial court could have reasonably concluded that Deputy Mitchell had reasonable suspicion to stop appellant for failing to drive on the right-hand side of the road." App. B, pg. 8. *See* Tex. Transp. Code § 545.051(a).

The Court of Appeals further makes the conclusory determination that there was reasonable suspicion Appellant committed a traffic offence. As shown below, there was no actual violation of the transportation code to constitute "criminal activity." *See Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005) (Reasonable suspicion exists when, based on the totality of the circumstances, the officer has articulable facts, when combined with rational inferences, lead the officer to conclude a person is, has been, or soon will be, engaged in criminal activity).

When this Court reviews the reasonableness of the officer's actions from his perspective as a reasonable officer *at the scene*, and not with the advantage of hindsight, there is no unusual activity on the part of the Appellant in this case. *See Garcia v. State*, 43 S.W.3d 527, 531-532 (Tex. Crim. App. 2001); *Rhodes v. State*, 945 S.W.2d 115, 117-118 (Tex. Crim. App. 1997), *cert. denied*, 522 U.S. 894 (1997); *Zayas v. State*, 972 S.W.2d 779, 790 (Tex. App. Corpus Christi 1998, *pet. ref.*); *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011); *Alabama v. White*, 496 U.S. 325, 330-332 (1990); U.S. Const. Amend. IV and XIV.

The Court of Appeals erred in affirming the trial court's decision to deny Appellant's motion to suppress. Thus, Appellant asks the Court of Criminal Appeals to grant discretionary review.

**B. Reasonable suspicion to stop a motorist in general**

Vehicles are entitled to the same basic Fourth Amendment protection against unreasonable search and seizure as other personal property. *Coolidge v. New Hampshire*, 403 U.S. 443, 456-64 (1971); *Livingston v. State*, 731 S.W.2d 744, 747 (Tex.App. Beaumont 1987, *pet. ref.*). In order to stop and detain a motorist without running afoul of the Fourth and Fourteenth Amendments and Texas Constitution Article 1, § 9, a police officer must have reasonable suspicion based upon specific and articulable facts that the motorist engaged in or is about to engage in criminal activity. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). These

facts must amount to more than a mere suspicion, but need not be based upon an officer's personal observations. *Id*. at 258-59; *Arizpe v. State*, 308 S.W.3d at 91-92.

An encounter is not considered a "seizure'" for Fourth Amendment purposes, and there is no investigative detention unless a detention has occurred. *Florida v. Royer*, 460 U.S. 491, 497-498 (1983); *State v. Bryant*, 161 S.W.3d 758, 761 (Tex.App. Fort Worth 2005, *no pet*.). An investigative detention is permitted only if the officer has a reasonable suspicion, based on objective facts, the individual is involved in criminal activity. *See Brown v. Texas*, 433 U.S. 47, 52 (1979); *Kelly v. State*, 721 S.W.2d 586, 587 (Tex.App. Houston [1st Dist.] 1986, *no pet*.). Reasonable suspicion is suspicion founded on articulable facts that, in light of the officer's experience and general knowledge, lead to the reasonable conclusion that criminal activity is being conducted and the detained person is connected with the activity. *Armstrong v. State*, 550 S.W.2d 25, 30-31 (Tex. Crim. App. 1977); *Alabama*, 496 U.S. at 331-32.

Reasonable suspicion is an objective determination, so the particular motivation of the officer for making an investigatory detention does not matter if there was an objectively reasonable basis for the officer's actions. *See Garcia*, 43 S.W.3d at 531. The reasonableness of an officer's actions is judged from the perspective of a reasonable officer *at the scene*, without the advantage of hindsight; allowances are made under rapidly changing circumstances when officers must

make quick decisions. *Id*. at 531-532; *Rhodes*, 945 S.W.2d at 117-8; *Zayas*, 972 S.W.2d at 790.

In *Martinez*, the Court of Criminal Appeals held "[T]he determination of reasonable suspicion is dependent upon both the content of the information known to the officer and its degree of reliability. . . .Those facts must show unusual activity, some evidence that connects the detainee to the unusual activity, and some indication that the unusual activity is related to crime." *Martinez*, 348 S.W.3d at 923; *Alabama*, 496 U.S. at 330. This determination is made by objectively considering the "totality of the circumstances," which includes both the quantity and quality of information. *Id*., *Ford*, 158 S.W.3d at 492-93; *Arizpe*, 308 S.W.3d at 92; *State v. Cullen*, 227 S.W.3d 278, 282 (Tex. App. San Antonio 2007, *pet. ref*.); *Pesina v. State*, 676 S.W.2d 122, 127 (Tex. Crim. App. 1984).

## C. Findings of fact were unsupported by the record.

In violation of the Fourth and Fourteenth Amendments of the United States Constitution, the trial court erred by denying Appellant's motion to suppress evidence because based upon the evidence, (a) the stop was predicated on findings of fact unsupported by the record (a violation of Texas Transp. Code Sec. 545.051) because the video tape evidence and Deputy Mitchell's own testimony show the only time the Appellant could have crossed over and driven on the left side of the roadway observed by Deputy Mitchell was when Mitchell was approaching Nava

*before* they passed each other.  There is no testimonial evidence of this occurring directly or by any reasonable inference of the trial court; therefore, Finding of Fact #2 ("…cross over the solid-center line into the oncoming lane…") is not supported by the record. App. A.

Although the findings of fact and conclusions of law state a violation of Texas Transportation Code 545.051, this is an issue of law that is reviewed *de novo* by this appellate court and not an issue that is given nearly total deference. *Wehring v. State*, 276 S.W. 3d 666, 669,  (Ct. App. – Texarkana, 2008).

The 29 seconds of video tape evidence *and* Deputy Mitchell's own testimony evidences that the only time Nava could have driven in violation of Tex. Transp. Code Sec. 545.051 was before they passed each other going in opposite directions (Appellant eastbound, and Deputy Mitchell westbound) on the service road *before* Deputy Mitchell made his U-turn. Deputy Mitchell's testimony clearly states he checked his side-view mirror after only noting speed (30/60) in his testimony without referencing that Appellant had *also* crossed over into the oncoming lane *before* they passed one another on the service road.  (RR2, 11:1-9, 21:21-23; State's Exhibit "1" DVD In car Video).  The State relied on the fact that Deputy Mitchell testified that Appellant "…cross[ed] over the solid-center line into the oncoming lane…" *Id.* This is a conclusory statement.  The record on appeal does not support Deputy Mitchell's assertion. *Id*.

The trial court did not make a finding of fact regarding the credibility and demeanor of any witness. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

**E. The State has the burden to prove reasonableness of the initial stop.**

The burden in this case is on the State to prove the reasonableness of the seizure, which was the initial stop. A defendant who alleges a violation of the Fourth Amendment has the burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). The defendant carries this burden simply by establishing that the seizure occurred without a warrant, then the burden shifts to the State to prove the reasonableness of the seizure. *Id*. The stop of defendant by the officer clearly was without a warrant, so the State now has the burden. However, the State cannot meet it.

In addition, a defendant who moves for suppression under Texas Code of Criminal Procedure Article 38.23 due to the violation of a statute has the burden of producing evidence of a statutory violation. *Pham v. State*, 175 S.W.3d 767, 772 (Tex.Crim.App. 2005). When the defendant meets this burden, the State bears the burden to prove compliance with the Statute. *Id*. Article 38.23(a) provides that "[N]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution

or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. Art. 38.23(a). Article 38.23(b)'s good-faith exception does not apply because no warrant is at play here. Tex. Code Crim. Proc. Art. 38.23(b). Thus, Appellant met his burden of producing evidence of a statutory violation; the State must now prove compliance with Article 14.01. *Pham*, 175 S.W.3d at 772; Tex. Code Crim. Proc. Art. 38.23(a).

**II. Question for Review Two: In violation of the Fourth and Fourteenth Amendments of the United States Constitution, the Court of Appeals erred when it affirmed the trial court's denial of Appellant's motion to suppress evidence because the totality of the circumstances did not support reasonable suspicion or probable cause that appellant committed an offense justifying the stop.**

In affirming the decision of the trial court, the Court of Appeals concluded that, as a matter of law, Appellant violated the transportation code and this violation was the reasonable suspicion for Deputy Mitchell's DWI investigation. A reasonable suspicion determination is made by objectively considering the totality of circumstances. *Ford v. State*, 158 S.W.3d 488, 492-493 (Tex. Crim. App. 2005). "Totality of the circumstances" includes both the quantity and quality of information. *Alabama v. White*, 496 U.S. at 330; *Arizpe v. State*, 308 S.W.3d at 92; *State v. Cullen*, 227 S.W.3d 278, 282 (Tex. App. San Antonio 2007, *pet. ref.*); *Pesina v. State*, 676 S.W.2d 122, 127 (Tex. Crim. App. 1984). In this case, there is no totality of the circumstances because there was no violation of any traffic laws committed.

This court of appeals erred in issuing its decision in that this court's decision recognizes that "...even if Deputy Mitchell did not have reasonable suspicion to stop appellant based on a violation of [the Texas Transportation Code] section 545.051 he had reasonable suspicion to stop appellant for DWI. Whether an officer has reasonable suspicion to stop a motorist for DWI depends

on the totality of the circumstances. *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007)." App. B, pg. 8. [Because this court of appeals recognizes the diametrically opposed testimony regarding this specific articulable fact and alleged violation based on Deputy Mitchell's testimony]. And, that the trial court specifically asked the State of Texas which statute it was relying on and it responded—Texas Transportation Code § 545.051. (RR-37: 7, 14). This court of appeals in its background and procedural history even notes "the vehicle never crosses it [center yellow line] entirely." App. B, pg. 8. Thus, Texas Transportation Code section 545.051 clearly was not violated.

If Deputy Mitchell did not have reasonable suspicion to stop appellant based on a violation of section 545.051, the only articulable facts left would be: 1) appellant was going below the speed limit and 2) "swerving within [his] lane a couple more times..." This would have been in only 29 seconds of observation—the "totality of the circumstances."

Deputy Mitchell testifies that his offense report doesn't state appellant crossed over the fog line—thus indicating appellant could not have "swerve[d]" much less "driven" on the unimproved shoulder of the road. (RR2, 24) This is also noted by this court of appeals because it notes that Deputy Mitchell did not include in his report that appellant did "swerve" on the unimproved shoulder of the road in footnote 1 of its opinion. App. B, pg. 2. Secondarily, Deputy Mitchell testified that

he "document[ed]" "driving on a unimproved shoulder" in his report when he did not. (RR2, 14). Therefore, this is not an articulable fact to support reasonable suspicion of driving while intoxicated because Mitchell admittedly did not include this in his report, yet testified he did. Is Mitchell's memory credible?

In addition, the trial court stood silent on the issue of the officer's credibility. It made no finding of fact regarding the credibility of the officer's testimony.

The only finding of fact that could plausibly be based on credible evidence would be findings of fact number 1—dealing with speed and swerve within its lane. App. A. And, because of this, conclusion of law number 1 could not be based on the credible evidence. Clearly, conclusion of law number 2 is not accurate in law or fact because even if one believed that appellant "drove" or even "swerved" one time on the unimproved shoulder of the road, it would not violate section 545.051 of the Texas Transportation Code. App. A.

The court of appeals notes that "Deputy Mitchell's testimony that he saw appellant's vehicle cross over the solid center line into the oncoming lane of traffic, and then return to the 'proper lane', was sufficient to create a reasonable suspicion that a traffic violation was in progress" is a correct statement of the law. App. B, pg. 8. However, the videotape evidence does not support this. Even Mitchell's own testimony doesn't support this assertion. No doubt Deputy Mitchell's testimony states appellant's vehicle crossed over the solid center line—

but when? If we don't know when, then the trial court could not have reasonably concluded Deputy Mitchell had reasonable suspicion to stop appellant for failing to drive on the right-hand side of the road. Tex. Transp. Code § 545.051(a). Thus, leaving the trial court to find reasonable suspicion that appellant was driving while intoxicated based on only appellant's speed (which Mitchell testified was not a consideration, (RR2, 31)) and swerving within his lane as being the only articulable facts to support the totality of the circumstances test.

## Conclusion and Prayer

The Court of Appeals erred when it affirmed the trial court's denial of Appellant's motion to suppress evidence because based upon the evidence, (a) there was no reasonable suspicion appellant committed any crime or driving violation, and (b) the totality of the circumstances did not support reasonable suspicion or probable cause that appellant committed an offense justifying the stop.

For the reasons stated in this petition, Appellant respectfully prays this Court grant discretionary review, find that the Court of Appeals erred, reverse the judgment of the Court of Appeals, grant the relief requested in this petition, and remand this case back to the trial court for further proceedings.

Respectfully submitted,

Patrick Short
603 White Hills Drive
Rockwall, Texas 75087
Phone: 972-771-1441
Fax: 972-771-0377
patrick@patrickshort.com
Texas Bar No. 21216900
Attorney for Appellant

**/s/ Patrick Short**

Patrick Short

## Certificate of Service

This certifies that on August 30, 2015, a true and correct copy of the foregoing document was forwarded to all counsel of record via the following: *See* Tex. Rule App. Proc. 9.5 (2014) and 68.11 (2014).

| 1. | **Jeff Shell**<br>**Assistant District Attorney**<br>**Rockwall, Texas**<br>**Appellate Section**<br>**1111 E. Yellowjacket Lane, Ste. 201**<br>**Rockwall, Texas 75087** | | **□ By Fax**<br>**□ By Certified Mail, RRR**<br>**□ By First Class Mail**<br>**□ By Hand-Delivery**<br>**□X Email Delivery** | |
|---|---|---|---|---|
| | | | | |

**/s/ Patrick Short**

Patrick Short

## Certificate of Compliance with Tex. Rule App. Proc. 9.4

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 4,500 words. *See* Tex. Rule App. Proc. 9.4(i)(2)(D). Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 2,488 words in the document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. *See* Tex. Rule App. Proc. 9.4 (2014).

/s/ Patrick Short

Patrick Short

**Cause No. CR12-1388**

FILED FOR RECORD
ROCKWALL CO, TEXAS

2014 AUG 21 PM 2:58

SHELLI MILLER
ROCKWALL COUNTY CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW |
| | § | |
| SERGIO MANUEL NAVA, JR. | § | ROCKWALL COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 29, 2014, a Motion to Suppress commenced in the above captioned case. Defendant raised a previously filed Motion to Suppress related to the traffic stop of the defendant in violation of the defendant's Fourth Amendment rights. After consideration of the testimony of the witness and the evidence presented, the trail court denied defendant's Motion to Suppress. In denying defendant's motion, the trial court makes the following findings of fact and conclusions of law:

### I. Findings of Fact

1.  Deputy Chris Mitchell of the Rockwall County Sheriff's Office observed a vehicle traveling at 30 miles per hour in a 60 miles per hour zone and swerve within it's lane.

2.  Deputy Mitchell also observed the vehicle drive on an unimproved shoulder, and cross over the solid center-line into the oncoming lane. These two driving infractions happened near mile marker 73 of the Interstate 30 south service road.

3.  Based upon observations of defendant's driving, Deputy Mitchell became suspicious that defendant might be driving while intoxicated.

4.  Deputy Mitchell's observations occurred while defendant was operating his motor vehicle in the County of Rockwall, State of Texas.

5.  Deputy Mitchell initiated the traffic stop in the County of Rockwall.

6.  Deputy Mitchell positively identified the driver as the defendant, Sergio Manuel Nava, Jr.

### II. Conclusions of Law

Deputy Mitchell articulated probable cause that defendant drove on an unimproved shoulder, and crossed over the solid center-line into the oncoming lane.

Driving on an unimproved shoulder, and crossing the solid center-line into the oncoming lane is a traffic violation under section 545.051 of the Texas Transportation Code.

The vehicle was seized pursuant to a legal traffic stop.

Deputy Mitchell articulated a reasonable belief that defendant was operating his vehicle while intoxicated.

Brian Williams, Judge
County Court at Law
Rockwall County, Texas

Filed at 8/21/14

# From the Office of
# Paige E. Parks, Court Coordinator
# Rockwall County Court at Law

**Rockwall County Courthouse**
**1111 E. Yellowjacket Lane, Suite 403**
**Rockwall, Texas 75087**
**Office: 972-204-6410**
**Fax: 972-204-6419**

## FAX COVER SHEET

DATE:   08/21/14

TO:   **Grant Duboois**          FAX NO.   972.204.6809
      **Patrick Short**                    972.771.0377

NUMBER OF PAGES: **3**

RE:   Cause No. CR12-1302; Styled: The State of Texas vs. Sergio Manuel Nava, Jr.

REMARKS:
**Counsel:**

Attached, please find the Findings of Fact and Conclusions of Law that were signed in the above referenced matter on 8/21/14. If you have any questions, please do not hesitate to contact our office.

Thank you,

THIS MESSAGE IS ENTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at the above number.   Thank you.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00242-CR

### SERGIO MANUEL NAVA, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR12-1388**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Appellant Sergio Manuel Nava, Jr. appeals the trial court's denial of his pretrial motion to suppress. In one issue, he argues the trial court erred by denying the motion to suppress because there was no reasonable suspicion he committed any offense and the totality of the circumstances does not support reasonable suspicion or probable cause. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

On August 14, 2012, Deputy Chris Mitchell of the Rockwall County Sheriff's Department saw a vehicle traveling eastbound on the south service road of Interstate 30. It was traveling at 30 miles an hour in a 60 miles per hour zone. Deputy Mitchell used an in-car radar to determine the vehicle's speed. The vehicle was first located at approximately mile marker 73, just east of the 551 entrance ramp in Rockwall County, Texas. Deputy Mitchell was traveling westbound and the vehicle was traveling eastbound.

When the vehicle passed Deputy Mitchell, he looked into his side rearview mirror and the vehicle appeared to "swerve" onto the unimproved shoulder of the road.[1]  At that point, the deputy stopped his police cruiser, made a U-turn, and attempted to catch up to the vehicle.  As Deputy Mitchell approached, he saw the vehicle cross over the solid center line into the oncoming lane and then return to its "proper lane."  The deputy also observed the vehicle "swerving within its lane touching the center stripe a couple more times after that."  He initiated a traffic stop of the vehicle by turning on his overhead red and blue lights.  Deputy Mitchell made the traffic stop at approximately mile marker 74 in Rockwall County.

The State ultimately charged appellant with the misdemeanor offense of driving while intoxicated.  A DVD containing video from Deputy Mitchell's in-car video camera was admitted at trial.  When the video begins at 02:52:00 a.m., the image is partially obscured by lines of static-type interference for several seconds.  After that, the video shows the vehicle driving along the center yellow line and swerving slightly just inside the right lane.  The vehicle's two left tires touch the yellow line numerous times and go over it several times, but the vehicle never crosses it entirely.  At 02:52:29 a.m., the deputy turns on his overhead lights and initiates the stop of appellant's vehicle.

After the trial court signed its order denying the motion to suppress, appellant entered a negotiated plea of guilty.  The trial court sentenced appellant to 365 days in the Rockwall County Jail, but the sentence was suspended and appellant was placed on community supervision for fifteen months and ordered to pay a fine of $800, along with court costs.  The trial court issued the following findings of fact:

> 1. Deputy Chris Mitchell of the Rockwall County Sheriff's Office observed a vehicle traveling at 30 miles per hour in a 60 miles per hour zone and swerve within it's [sic] lane.

---

[1] Deputy Mitchell testified that he did not include this fact in his report.

2. Deputy Mitchell also observed the vehicle drive on an unimproved shoulder, and cross over the solid center-line into the oncoming lane. These two driving infractions happened near mile marker 73 of the Interstate 30 south service road.

3. Based upon observations of defendant's driving, Deputy Mitchell became suspicious that defendant might be driving while intoxicated.

4. Deputy Mitchell's observations occurred while defendant was operating his motor vehicle in the County of Rockwall, State of Texas.

5. Deputy Mitchell initiated the traffic stop in the County of Rockwall.

6. Deputy Mitchell positively identified the driver as the defendant, Sergio Manuel Nava, Jr.

The court's conclusions of law were as follows:

[1.] Deputy Mitchell articulated probable cause that defendant drove on an unimproved shoulder, and crossed over the solid center-line into the oncoming lane.

[2.] Driving on an unimproved shoulder, and crossing the solid center-line into the oncoming lane is a traffic violation under section 545.051 of the Texas Transportation Code.

[3.] The vehicle was seized pursuant to a legal traffic stop.

[4.] Deputy Mitchell articulated a reasonable belief that defendant was operating his vehicle while intoxicated.

### DISCUSSION

In his issue, appellant argues that the trial court erred by denying the motion to suppress because (1) there was no reasonable suspicion appellant committed any crime or driving violation and (2) the totality of the circumstances did not support reasonable suspicion or probable cause that appellant committed an offense justifying the stop.

We review a trial court's ruling on a motion to suppress for an abuse of discretion, and will overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We apply a bifurcated standard of review, giving almost complete deference to the trial court's determination of historical facts and mixed questions of

law and fact that rely upon an assessment of the credibility and demeanor of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013); *Martinez*, 348 S.W.3d at 923.

The trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given to their testimony. *Garza v. State*, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007). The court may choose to believe or disbelieve any or all of a witness's testimony, even if the testimony is uncontroverted, because the court had the opportunity to observe the witness's demeanor and appearance. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). If, as in this case, the trial court issues express findings of fact, we review the evidence in the light most favorable to the trial court's ruling and determine whether the evidence supports the factual findings. *Id*. We review the trial court's application of the law of search and seizure to the facts de novo. *Id*. We will sustain the trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Id*.

A "stop" by a law enforcement officer "amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). However, a law enforcement officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Carmouche*, 10 S.W.3d at 328. In order to stop or briefly detain an individual, an officer must have "reasonable suspicion" that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when the officer has some minimal level of objective justification for making the stop, i.e., when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably

warrant [the] intrusion." *Terry*, 392 U.S. at 21; *see also Alabama v. White*, 496 U.S. 325, 329–30 (1990). In making a reasonable suspicion determination, we disregard the subjective intent or motive of the officer making the stop and consider solely, under the totality of the circumstances, whether there was an objective basis for the stop. *Ford*, 158 S.W.3d at 492–93. An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Johnson v. State*, 365 S.W.3d 484, 488–89 (Tex. App.—Tyler 2012, no pet.); *Holmquist v. State*, No. 05–13–01388–CR, 2015 WL 500809, at *4 (Tex. App.—Feb. 5, 2015, pet. filed) (not designated for publication).

In this case, appellant challenges the trial court's finding that Deputy Mitchell observed a vehicle traveling at 30 miles per hour in a 60 miles per hour zone. Appellant points out that Deputy Mitchell admitted on cross-examination that he was not saying appellant's speed impeded the normal and reasonable movement of any traffic or that appellant was driving at an unsafe speed. In *Delafuente*, the Texas Court of Criminal Appeals noted that "[d]riving at a speed that is less than the posted limit is not, by itself, sufficient for reasonable suspicion; a violation occurs only when the normal and reasonable movement of traffic is impeded." *Delafuente v. State*, 414 S.W.3d 173, 178 (Tex. Crim. App. 2013) (citing *Tex. Dept. Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.)). Appellant therefore argues that his "speed was not a violation of the Texas Transportation Code and his speed was not the basis for reasonable suspicion for the stop."

However, appellant's speed was not the only observation that was cited in support of reasonable suspicion. The trial court also found that appellant's vehicle swerved within its lane. Appellant likewise challenges this finding, arguing that "[s]werving within its lane, unless it is done unsafely, is not a violation of Texas Transportation Code § 545.060." Section 545.060

provides that an operator on a roadway divided into two or more clearly marked lanes for traffic shall drive as nearly as practical entirely within a single lane and may not move from the lane unless that movement can be made safely. *See* TEX. TRANSP. CODE ANN. § 545.060. But, section 545.060 was not the stated basis for the trial court's ruling. The court's second finding of fact states that the deputy also observed appellant's vehicle driving on an unimproved shoulder and crossing over the solid center line into the oncoming lane. It concluded that "[d]riving on an unimproved shoulder, and crossing the solid center-line into the oncoming lane is a traffic violation under section 545.051 of the Texas Transportation Code." Section 545.051 provides that a motorist must drive on the right-hand side of the road absent circumstances that are not at issue here: the motorist is passing another vehicle, an obstruction necessitates moving to the left of the center of the road, the motorist is on a road divided into three marked lanes, or the motorist is on a roadway restricted to one-way traffic. *See id.* § 545.051(a). If none of these circumstances exists, then a single instance of crossing into the oncoming-traffic lane on a two-lane road is a violation of the statute. *See Bracken v. State*, 282 S.W.3d 94, 98 (Tex. App.—Fort Worth 2009, pet. ref'd); *Rubeck v. State*, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g); *Crawford v. Texas Dept. of Public Safety*, No. 03–10–00070–CR, 2011 WL 2437687, at *3 (Tex. App.—June 16, 2011, no pet.) (mem. op., not designated for publication). A violation of the statute creates reasonable suspicion justifying the stop. *See Bracken*, 282 S.W.3d at 98; *Crawford*, 2011 WL 2437687, at *3. Furthermore, unlike a violation of section 545.060, a violation of section 545.051 does not require an unsafe maneuver. *Compare* TEX. TRANSP. CODE ANN. § 545.060(a) *with* TEX. TRANSP. CODE ANN. § 545.051(a); *see also Johnson*, 365 S.W.3d at 489; *Crawford*, 2011 WL 2437687, at *3.

Appellant also challenges the trial court's second finding of fact, noting that Deputy Mitchell testified that the vehicle "appeared to swerve" once onto the unimproved shoulder of

the roadway after passing the deputy as he looked into his side-view mirror, and that he could not say how much of the car actually swerved onto the unimproved shoulder of the roadway or for how long it did so. Appellant argues that he drove on the right side of the road and that the video recording from the deputy's in-car camera did not show him driving in the oncoming lane of traffic. According to the record, however, Deputy Mitchell testified that, as he approached the vehicle, he saw it cross over the center line into the oncoming lane of traffic and return to the "proper lane." His testimony was as follows:

Q. Did you continue to observe the driving of the vehicle?

A. Yes, ma'am.

Q. What else did you observe?

A. As I approached the vehicle, I observed the vehicle cross over the center— solid center line into the oncoming lane and then—and then return back to the proper lane.

Q. Did you observe anything else?

A. Other than that, I observed the vehicle swerving within its lane touching the center stripe a couple more times after that.

Deputy Mitchell also testified:

Q. What about crossing the double center lines? Why did that draw your attention to the vehicle?

A. Because that's a violation of Texas traffic law.

Q. And the weaving within the lane?

A. Once again, that's—in conjunction with other indicators, that can be an indicator of intox—of intoxication.

Q. And I think you also mentioned hitting the center line but not crossing it?

A. Correct, yes. While—when the vehicle was swerving, it was touching the yellow—the center yellow line.

Q. And why was that important to you?

A. It just showed that it could be an indicator of possible driving while intoxicated.

–7–

Q. Why did you pull the defendant over?

A. Due to reasonable suspicions of the vehicle speed, the swerving within its lane, and then the traffic violations of driving on an unimproved shoulder and crossing the center line.

An officer may legally initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic offense. *See Johnson*, 365 S.W.3d at 488–89. Deputy Mitchell's testimony that he saw appellant's vehicle cross over the solid center line into the oncoming lane of traffic, and then return to the "proper lane," was sufficient to create a reasonable suspicion that a traffic violation was in progress. *See* TEX. TRANSP. CODE ANN. § 545.051(a); *Rubeck*, 61 S.W.3d at 745 (officer's observation of defendant's vehicle crossing center line one time provided reasonable suspicion for traffic stop based on section 545.051(a)); *Emmers v. State*, No. 06–11–00034–CR, 2011 WL 2518869, at *4 (Tex. App.—Texarkana June 23, 2011, pet. ref'd) (mem. op., not designated for publication) (concluding that officer had reasonable suspicion that traffic violation was committed by virtue of fact that defendant failed to remain in the right half of the roadway, in violation of section 545.051(a)). Accordingly, the trial court could have reasonably concluded that Deputy Mitchell had reasonable suspicion to stop appellant for failing to drive on the right-hand side of the road. *See* TEX. TRANSP. CODE ANN. § 545.051(a).

Additionally, even if Deputy Mitchell did not have reasonable suspicion to stop appellant based on a violation of section 545.051, he had reasonable suspicion to stop appellant for DWI. Whether an officer has reasonable suspicion to stop a motorist for DWI depends on the totality of the circumstances. *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007). A stop for DWI is justified when the officer has specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that a motorist is driving under the influence. *See id*. at 380–81. A court may find reasonable suspicion even though "each fact in isolation may be insufficient." *State v. Kerwick*, 393 S.W.3d 270, 275 (Tex. Crim. App. 2013). Given

Deputy Mitchell's observations regarding the speed of the vehicle, swerving within its lane, and the fact that it crossed over the solid center line into the oncoming lane of traffic before returning to its "proper lane," the trial court could have reasonably concluded, based on the totality of the circumstances, that the deputy had reasonable suspicion to stop appellant for DWI. Therefore, the trial court did not err by denying appellant's motion to suppress. We overrule appellant's issue.

We affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140242F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SERGIO MANUEL NAVA, JR., Appellant

No. 05-14-00242-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. CR12-1388.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of June, 2015.